1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON B.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C22-1103-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Child Disability Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1984, and has a GED as well as a community college certificate in accounting/bookkeeping.  AR 273, 284.  The ALJ found that Plaintiff has no past relevant work. AR 30.

In November 2018, Plaintiff applied for benefits, alleging disability as of August 27, 2004.  AR 240-52.  Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing.  AR 133-39, 142-50.  After the ALJ conducted a hearing on

October 2020 (AR 37-57), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-31.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: right shoulder rotator cuff impingement, obesity, depression, bipolar disorder, anxiety, and posttraumatic stress disorder (PTSD).

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform medium work with additional limitations: he can lift/carry 50 pounds occasionally and 25 pounds frequently, and stand/walk for six hours and sit for six hours in an eight-hour workday with normal breaks.  He can frequently push/pull with his right arm.  He can occasionally climb ladders, ropes, and scaffolds.  He can occasionally reach overhead with his right arm.  He can perform simple, repetitive tasks in the unskilled category.  He can have occasional superficial interaction with the public and occasional interaction with co-workers, but no tandem tasks or teamwork.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

Commissioner to this Court.  Dkt. 4.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in assessing the medical opinion evidence.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

1   Under regulations applicable to this case, the ALJ is required to articulate the

2 persuasiveness of each medical opinion, specifically with respect to whether the opinions are

3 supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An

4 ALJ's consistency and supportability findings must be supported by substantial evidence.  *See*

5 *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  The Court will consider each disputed

6 opinion in turn.

7  **A.  The ALJ Erred in Assessing the Opinion of Mark Hawley, Ph.D.**

8   Dr. Hawley examined Plaintiff in March 2019 and wrote a narrative report describing his

9 symptoms and limitations.[3]  AR 642-46.  Dr. Hawley noted that although Plaintiff's "mental

10 health symptoms appear well managed at present[,] he is still psychosocially compromised

11 during his adjustment to autonomous living after eight years of incarceration."  AR 645.  Dr.

12 Hawley identified adaptation and social limitations would preclude full-time work at that time,

13 but he believed that for the following 1-2 years Plaintiff would likely be moderately capable of

14 performing unskilled, part-time work "in a tolerant environment."  AR 645-46.

15   The ALJ found unpersuasive Dr. Hawley's conclusions regarding Plaintiff's adaptation

16 and social limitations, finding them inconsistent with Plaintiff's "rather normal presentations at

17 appointments with cooperative, normal, cordial, or pleasant behavior, good eye contact, and an

18 appropriate mood and/or affect."  AR 29 (citing AR 368, 395, 508, 533-38, 531, 586, 610, 619,

19 624-25, 627-28, 637, 644, 648, 651-52, 655-56, 679-80, 683, 686, 692, 695, 698, 702, 705, 716,

20 834, 838, 852, 867).  The ALJ found that a State agency psychological consultant's opinion

21 better described Plaintiff's social capabilities, specifically that he could have occasional

22

23

---

[3] The ALJ found that Dr. Hawley understated Plaintiff's cognitive limitations (AR 29), a finding which Plaintiff does not challenge here.  *See* Dkt. 17 at 8.

1   superficial interaction with the public and occasional interaction with co-workers but no tandem

2   tasks or teamwork.  AR 29.

3          Most of the treatment notes cited by the ALJ reference some degree of normal behavior,

4   but also reference abnormal findings.[4]  In suggesting that the cited treatment notes document

5   "rather normal" presentation, the ALJ improperly excised the normal findings from treatment

6   notes that also contain findings that corroborate Dr. Hawley's opinion, thereby misrepresenting

7   the full context of the record when finding it inconsistent with Dr. Hawley's opinion.  The Court

8   therefore finds error in the ALJ's consistency finding, and notes that the ALJ did not make a

9   supportability finding as to Dr. Hawley's opinion.  *See* AR 29.  The ALJ shall reconsider the

10  persuasiveness of Dr. Hawley's opinion on remand in light of the entire record.[5]

11  //

12  //

13

14  [4] *See, e.g.*, AR 368 (Plaintiff described with good eye contact, but with tangential and pressured speech, requiring constant redirection), 533-38 (describing Plaintiff as "hyper-verbal with tangential thought

15  process" on several occasions), 531 (Plaintiff described with both "normal" and "irritable" mood/affect as well as auditory hallucinations), 586 (same), 628 (Plaintiff described with good eye contact, but

16  delusional thought content and impaired judgment/insight), 637 (Plaintiff presents as anxious "with slightly pressured speech"), 644 (describing Plaintiff as pleasant and cooperative, but also with restricted

17  range of affect, delusional thought content, auditory hallucinations), 651-52 (describing Plaintiff with appropriate affect and good eye contact, but with hallucinations, impaired judgment/insight, and suicidal

18  ideation), 655-56 (describing Plaintiff as pleasant and cooperative, but with delusional thought content and impaired judgment/insight), 686-87 (describing Plaintiff as pleasant, cooperative, and with good eye

19  contact, but with hallucinations and impaired judgment/insight), 697-98 (Plaintiff presents as cooperative and with good eye contact, but reports periodic suicidal ideation), 834 (Plaintiff described with normal mood and affect, but pressured speech), 838 (same).

20

21  [5] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 17 at 15), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here.  *See Leon v.*

22  *Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").  Particularly because the ALJ discounted Plaintiff's testimony for unchallenged reasons (AR 22-27), the Court finds

23  that there are conflicts in the record that preclude a finding of disability at this time.  *See, e.g.*, *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").  Thus, the Court finds that a remand for further administrative proceedings is the appropriate remedy.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

1    **B.     The ALJ Erred in Assessing the Opinion of Richard Washburn, Ph.D.**

2            Dr. Washburn examined Plaintiff in January 2007 and completed a DSHS form opinion

3    describing his mental symptoms and limitations at that time.  AR 666-71.  The ALJ found this

4    opinion unpersuasive because it contains no explanation and because it is inconsistent with the

5    treatment notes showing normal mental status examination findings, reports of improvement

6    with treatment, and Plaintiff's daily activities and social functioning.  AR 29.  The ALJ also

7    noted that Dr. Washburn examined Plaintiff when he was not receiving any mental health

8    treatment.  *Id.* (citing AR 666).

9            As a preliminary matter, the Court notes that the ALJ mistakenly stated that Dr.

10   Washburn's examination was in 2017, rather than 2007.  AR 29.  The table of contents for the

11   administrative record also states that this examination was in 2017, and the opinion is placed in

12   the chronological order of the record as if it took place in 2017.  This opinion was relied upon in

13   a prior ALJ decision finding Plaintiff disabled in May 2007.  *See* AR 65.

14           It is not clear whether the ALJ apprehended the actual timing of this opinion and simply

15   made a scrivener's error, or whether the agency's mistake infected the ALJ's analysis of this

16   opinion.  In any event, because this case must be remanded on other grounds, as explained *supra*,

17   the ALJ should correct this mistake and reconsider Dr. Washburn's opinion in light of its actual

18   timing and, if necessary, reconsider its consistency with the full context of the treatment record

19   as explained with respect to Dr. Hawley's opinion.

20   **C.     The ALJ Should Reconsider the Opinion of Bruce Eather, Ph.D.**

21           The ALJ found persuasive the opinion of Dr. Eather, the State agency psychological

22   consultant who considered Plaintiff's claim on reconsideration.  *See* AR 128-30.  The ALJ found

23   that Dr. Eather's opinion was supported by narrative explanation and based on Dr. Eather's

review of the record, and was consistent with the longitudinal record as a whole.  AR 28-29.  The ALJ also noted that Dr. Eather is knowledgeable about the Social Security disability program. AR 28.

Plaintiff argues that the ALJ erred in relying on Dr. Eather's opinion because his explanations were merely restatements of his opinion, and because he did not have access to the entire record at the time of his review.  Dkt. 17 at 13.  Plaintiff also argues that because the ALJ relied on the same findings that were taken out of context with respect to the assessment of the opinions of Drs. Hawley and Washburn, the ALJ's consistency finding with respect to Dr. Eather's opinion is similarly tainted.  Dkt. 17 at 13-14.

The Court agrees that the ALJ's error in failing to account for the entirety of the treatment record infects his assessment of Dr. Eather's opinion, just as it led to an erroneous assessment of the opinions of Drs. Hawley and Washburn.  On remand, the ALJ should reconsider Dr. Eather's opinion in light of the entire record.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the opinions of Drs. Hawley, Washburn, and Eather, and reconsider any other parts of the decision as necessary in light of the updated record on remand.

Dated this 19th day of July, 2023.

S. KATE VAUGHAN
United States Magistrate Judge